**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| JULIO LOPEZ-GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-733-JDK |
| | § | |
| GABRIEL MARTINEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Julio Lopez-Gomez is a citizen of Mexico who entered the United States unlawfully more than twenty years ago. In 2026, U.S. Immigration and Customs Enforcement detained Petitioner under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Julio Lopez-Gomez's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 2. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026).

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

To the extent Petitioner seeks relief under the Fifth Amendment's Due Process Clause, the argument is foreclosed by the precedential stay order issued in *Sosnava Rodriguez v. Ortega*. 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc) (granting the government's request for a precedential order staying the district courts' judgments pending rehearing by the full Court regarding claimed due process violations).

Even without the stay, the Court would deny the petition because there is no due process violation here. Petitioner's procedural due process claim fails because "an alien who . . . is treated as an 'applicant for admission'" "has only those rights regarding admission that Congress has provided by statute," which is § 1225 here. *D.H.S. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *Diaz Patino v. Villegas*, 822 F. Supp.3d 718, 726 (N.D. Tex. 2026) (ICE detainee "is not entitled to a bond hearing as a matter of procedural due process"); *Morales v. Frink*, 2026 WL 836662, at *2 (S.D. Tex. Mar. 19, 2026) (same). Any substantive due process claim fails because detention under § 1225(b)(2)(A) is rationally related to legitimate government interests. *See Demore v. Kim*, 538 U.S. 510, 523, 526 (2003) ("[T]he Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]"); *see also id.* at 528 ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."); *Diaz Patino*, 822 F. Supp.3d at 723–24 (citing *Demore* and concluding that, "[a]gainst that backdrop, the notion that substantive due process requires a bond hearing is untenable"); *Avalos v. Noem*, 2026

WL 1045944, at *1 (E.D. Tex. Mar. 10, 2026) (explaining that in *Demore* "the Supreme Court held that detention of aliens during removal proceedings comports with due process"); *see also Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 740–42 (5th Cir. 2026) (Wilson, J., dissenting), *reh'g en banc granted, opinion vacated,* 181 F.4th 608 (5th Cir. 2026) (rejecting both procedural and substantive due process claims).

Petitioner is wrong to suggest that habeas relief is warranted because Respondents violated the Administrative Procedure Act. Docket No. 2 at 22–23. Section 704 of the APA states that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). By requesting habeas relief as a remedy for his APA claim, Petitioner concedes that there is, in fact, an adequate remedy outside of the APA. Therefore, the APA does not provide for judicial review of his claim. *See Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 760 (N.D. Tex. 2026).

Petitioner makes additional arguments that the Court has reviewed and finds meritless. *See Chi v. Warden*, *Bluebonnet Det. Facility*, 2026 WL 1062625 (N.D. Tex. Apr. 13, 2026) (rejecting Petitioner's Equal Protection, Administrative Procedure Act, and *Accardi* doctrine arguments); *see also Perez Arellano v. Cerna*, 827 F. Supp. 3d 954 (N.D. Tex. 2026) (finding that the court was not bound by *Maldonado Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), which required bond hearings for a certified class of detained aliens, because the decision went beyond that court's jurisdiction). Finally, the Court finds that declaratory relief is inappropriate under

the facts of this case. *See Weldon v. Pacheco*, 715 F. App'x 837, 844 n.7 (10th Cir. 2017) ("[T]he Declaratory Judgment Act cannot be used as a substitute for habeas.").

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 2) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **22nd** day of **September, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE